**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

HENRY MOJICA-CARO,
　　　Petitioner,

　　　v.

UNITED STATES OF AMERICA,
　　　Respondent.

**CIVIL NO. 09-1575 (JAG/BJM)**
(Related to Crim. No. 07-506 (JAG))

**REPORT AND RECOMMENDATION**

　　　Henry Mojica-Caro ("Mojica" or "petitioner") filed a verified petition to vacate, set aside

or correct his sentence pursuant to 28 U.S.C. § 2255 on June 25, 2009.  (Docket No. 1).  Mojica

claims that he was denied effective assistance of counsel.  (Id. at 4).  The government opposes the

petition and submits that his claims are devoid of merit.  (Docket No. 7).  This matter was referred

to me for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1).  (Docket No.8).  For the

reasons set forth below, I recommend that the petition be **DENIED**.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

　　　Mojica is a Dominican national and a lawful permanent resident of the United States.

(Crim. No. 07-506, Dockets No. 1-2, p. 2; 63, p. 20).  On November 7, 2007, Mojica arrived by

ferry from the Dominican Republic at the Port of Mayagüez, Puerto Rico.  He was arrested after a

routine inspection of his vehicle by Customs and Border Protection ("CBP") agents uncovered

approximately 1.8 kilograms of heroin (subsequently determined by laboratory testing to be 1.483

kilograms), which petitioner admitted was his.  (Crim. No. 07-506, Dockets No. 1, 1-2, 2, 63).  On

November 18, 2007, Mojica was indicted on two counts.  (Crim. No. 07-506, Docket No. 12).

Count One charged Mojica with possession with intent to distribute one kilogram or more of heroin

in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).  Count Two charged him with importation into

the United States of one kilogram or more of heroin in violation of 21 U.S.C. §§ 952(a) and 960.

On November 14, 2007, attorney Miguel A. Montes-Diaz ("Montes") was appointed counsel for petitioner. (Crim. No. 07-506, Docket No. 11). On November 21, 2007, Mojica pled not guilty to Counts One and Two. (Crim. No. 07-506, Docket No. 14). At a hearing on May 22, 2008, Mojica changed his plea on Count One to guilty pursuant to a plea agreement entered into under Rules 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, which described the charges made in Count One and in which the government agreed to dismiss Count Two upon sentencing. (Crim. No. 07-506, Dockets No. 43, 44, 63). As part of the plea, the parties stipulated that Mojica was to be held accountable for possession with intent to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin, and that the base offense level would be 32. The plea agreement also recommended a two-level decrease for the "safety valve," if applicable,[1] and a three-level decrease for acceptance of responsibility. With a total adjusted offense level of 27, and an assumed but not stipulated criminal history category of I, the parties agreed to a sentencing recommendation of 70 months, within the applicable United States Sentencing Guidelines range of 70 to 87 months. The parties agreed to seek no further adjustments or departures to Mojica's base offense level and that any such request would be deemed a material breach of the plea agreement. Mojica represented in the plea agreement that he was satisfied with Montes and that Montes had rendered effective legal assistance. (Crim. No. 07-506, Docket No. 43, p. 1-6).

---

[1] The prosecuting attorney represented at the Rule 11 hearing and Montes confirmed at the sentencing hearing that Mojica met the requirements for the safety valve. (Crim. No. 07-506, Dockets No. 62, p. 4; 63, p. 13).

During the Rule 11 hearing, Mojica stated that he received a copy of the indictment,

discussed the charges with his attorney, and was satisfied with his legal counsel:

> THE COURT: Mr. Mojica, did you receive a copy of the indictment against you in this case?  Those are the formal charges.
>
> THE WITNESS: Yes.
>
> THE COURT: Have you been able to discuss the contents of the indictment with your counsel?
>
> THE WITNESS: Yes.
>
> THE COURT: Are you fully satisfied with the legal advice and representation given to you in this case by Atty. Miguel Montes?
>
> THE WITNESS: Perfectly well.

(Crim. No. 07-506, Docket No. 63, p. 4).  Mojica then stated that he had had enough time to discuss

the hearing with Montes and had been able to discuss the plea agreement with Montes before

signing it.  (Id. at 5-6, 11).  Montes stated that he had explained the document to Mojica in Spanish.

(Id. at 6, 11).  Mojica further stated that he had signed the plea agreement voluntarily and without

coercion, there had been no threats or promises made to him in regards to his pleading, and he had

not been forced to plead guilty.  (Id. at 6, 12).

The court then thoroughly explained the maximum penalty under Count One and the

stipulations contained in the plea agreement (id. at 14-19, 22-23), including the provision regarding

Mojica's immigration status:

> THE COURT: As stated in Paragraph 10 of your plea agreement, you admit that you are a lawful permanent resident of the United States, and you understand a felony conviction may have an impact on your immigration status, including detention as subsequent processing for removal from this country?  Do you understand that?

THE WITNESS: Yes.

(Id. at 19).  The prosecuting attorney informed the court that the parties had discussed an additional

reduction to petitioner's offense level for role as a minor participant:

> MR. MILES: Yes, in addition, Your Honor, Counsel for the defendant has
> approached the government to determine whether or not his client may be awarded
> an additional reduction for role, and I've explained to him that, pursuant to the
> information we have, the United States is still considering any information in regard
> to the role of Mr. Mojica.  And in the event that that is determined, the government
> will file an appropriate informative motion–
>
> THE COURT: Okay.
>
> MR. MILES: –notifying the Court that he is entitled to an additional reduction for
> that role adjustment.
>
> THE COURT: Very well.
> Do you understand that explanation, Mr. Mojica, as to your role within the offense?
>
> THE WITNESS: Yes.

(Id. at 14).  In addition, the prosecuting attorney summarized the charges and factual basis by which

the government would prove defendant's guilt beyond a reasonable doubt, and Mojica agreed with

everything stated.  (Id. at 19-21).

Mojica's sentencing hearing took place on August 25, 2008.  (Crim. No. 07-506, Docket No.

62).  At the hearing, Montes noted to the court that the defense was "hoping for a recommendation

for the minor participation, for example, and [Mojica] admits he made only two runs," and asked

for a two-point deduction for minor participant.  (Id. at 4).  After the court asked whether the

reduction was not contemplated in the plea agreement, Montes clarified that the reduction had been

discussed at the Rule 11 hearing.  The prosecuting attorney then stated to the court that the

government did not agree to the reduction, "[s]o this issue has been apparently addressed and

[Mojica] is not agreed to be as a minor [participant]." (Id. at 5-6).  After a recess during which

Montes discussed the reduction with Mojica and then with the prosecuting attorney, Montes

withdrew the request for the reduction.  (Id. at 6-7).  Montes then reiterated a request from a past

hearing that Mojica be given the minimum sentence of 70 months in accordance with the terms of

the plea agreement.  (Id. at 8).

Montes further requested recommendations that Mojica be given proper treatment for a

medical condition and that he be incarcerated at an institution as close as possible to his relatives

in Boston. (Id. at 8-9).  The court agreed:

> THE COURT: . . . I will make the recommendation that he be housed in an institution that is as close as possible to Boston, Massachusetts, because he has relatives there and that is important for his rehabilitation, okay?
>
> MR. MONTES: In the alternative, your Honor, I think he qualifies for minimum custody.
>
> THE COURT: He could be, he could be.  But as I understand from the counsel for the Bureau of Prisons, in the case of– well, actually, he is an alien– okay?  And recently the Bureau of Prisons has been contracting out with private facilities with respect to aliens, okay?  They are probably even better off in those private facilities because they can be given certain– they can be enrolled in certain programs and given more attention than the Bureau can cope with with respect to the rest of the population, okay?
> But we will see.  I am just going to make the recommendation for him to be housed, and I am going to make the recommendation that he be given– you know, that he be given proper treatment for his medical condition.
>
> MR. MONTES: Thank you much, your Honor.  We appreciate it.

(Id. at 9).  In sentencing Mojica, the court thoroughly explained the base offense level, applicable

adjustments, and the factors it considered, including Mojica's personal history and characteristics

and the nature and circumstances of the offense.  (Id. at 11-12).  In accordance with the terms of the

plea agreement, Mojica was sentenced to a term of imprisonment of 70 months plus five years'

supervised release as to Count One; Count Two was dismissed by the government.  (<u>Id.</u> at 12-13,

15, 17; Crim. No. 07-506, Docket No. 55, p. 1-3).  The present petition was entered on June 25,

2009.  (Docket No. 1).

## II.  DISCUSSION

### A.    Standard

28 U.S.C. § 2255 provides that a federal prisoner may claim "the right to be released upon

the ground that the sentence was imposed in violation of the Constitution or laws of the United

States."  28 U.S.C. § 2255.  However, such a petition may be summarily denied where it contains

mere bald assertions without specific factual allegations.  <u>Barrett v. United States</u>, 965 F.2d 1184,

1186 (1st Cir. 1992).  In addition, even a facially adequate petition may be denied without a hearing

where the alleged facts are conclusively refuted by the files and records of the case.  <u>Id.</u>; *accord*

<u>Lema v. United States</u>, 987 F.2d 48, 51-52 (1st Cir. 1993).

The Sixth Amendment guarantees criminal defendants the right to effective assistance of

counsel.  <u>Lema v. United States</u>, 987 F.2d 48, 51 (1st Cir. 1993); <u>Bonneau v. United States</u>, 961

F.2d 17, 19 (1st Cir. 1992) (citing <u>United States v. Wade</u>, 388 U.S. 218, 225 (1967)).  "But '[t]he

Constitution does not guarantee a defendant a letter-perfect defense or a successful defense; rather,

the performance standard is that of a reasonably effective assistance under the circumstances."

<u>Lema</u>, 987 F.2d at 51, *quoting* <u>United States v. Natanel</u>, 938 F.2d 302, 309-10 (1st Cir. 1991).  The

burden is on the petitioner to demonstrate ineffective assistance by a preponderance of the evidence.

<u>Lema</u>, 987 F.2d at 51.

To establish a Sixth Amendment violation, a petitioner must show "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for the error or errors, the outcome would likely have been different." Cofske v. United States, 290 F.3d 437, 441 (1st Cir. 2002) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).  In order to establish deficiency under the first prong, a petitioner must establish that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." Strickland, 466 U.S. at 688.  Counsel is presumed to have acted within the range of "reasonable professional assistance," and it is the petitioner who bears the burden of "overcoming the presumption that, under the circumstances, that challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 689 (internal citation and quotation omitted).  In order to show prejudice under the second prong, a petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

## B.    Analysis

Mojica argues that he was denied effective assistance of counsel for four different reasons. I will address each in turn.

### 1.    Failure to Argue Mitigating Role

Mojica first contends that an effective attorney would have argued for a minor participant reduction, as petitioner was a mere drug courier.  (Docket No. 1-2, p. 5-7).  Petitioner's allegation is contrary to the record.  At the change-of-plea hearing, the prosecuting attorney explained that the

parties were still in discussions about the reduction (even though the plea agreement had already been executed), and the government would file the appropriate motion if it found the reduction applicable. (Crim. No. 07-506, Docket No. 63, p. 14). The government did not file the motion. At the sentencing hearing, Montes revisited the issue and asked the court for the minor participant reduction since petitioner had admitted to making only two "runs." When the government disagreed, the court took a three-hour recess so that Montes could continue consulting with his client and the government, but Montes's efforts were unsuccessful and he withdrew the request. (Crim. No. 07-506, Docket No. 62, p. 4-7).

On this record, Mojica cannot carry his burden under the first prong of Strickland of showing that counsel's performance was deficient. See Roman v. United States, 2010 WL 1032508, at *4-*5 (D.P.R. Mar. 11, 2010). Furthermore, Montes diligently pursued the possibility of the two-level reduction, so petitioner cannot demonstrate prejudice under the second prong as there can be no "but-for" hypothetical where no unprofessional errors were made. In addition, Mojica's sentence comported with the plea agreement, which did not include a role reduction and in fact specified that any request for a different sentence would constitute a material breach of the agreement. (Crim. No. 07-506, Docket No. 43, p. 3-5). It thus could hardly constitute ineffective assistance for Montes to continue pursuing the reduction request in these circumstances. Mojica's allegation of ineffective assistance of counsel for failing to claim a minor participant reduction therefore fails.

### 2.       Failure to Argue Due Process Violation

Mojica next alleges that his counsel was ineffective for failing to argue that a ten-year

mandatory minimum sentence for a violation of 21 U.S.C. § 841(b) violates the constitutional right of substantive due process as applied to peripheral offenders.  (Docket No. 1-2, p. 8-11).  This argument is meritless.  Mojica was not sentenced to the statutory minimum because the safety valve provision applied.  <u>See</u> 18 U.S.C. § 3553(f).  Counsel for petitioner did not render ineffective assistance by refraining from making the irrelevant argument urged by petitioner.

### 3.      Failure to Argue Reasonableness

Next, Mojica contends that his counsel was ineffective for failing to argue that the court's sentence was unreasonable.  (Docket No. 1-2, p. 12-16).  The Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005), makes it possible for courts to impose sentences that override the Sentencing Guidelines, subject only to the ultimate requirement of reasonableness.  <u>United States v. Jimenez-Beltre</u>, 440 F.3d 514, 518 (1st Cir. 2006).  Thus, at sentencing, the district court must continue to consider the "sentencing range," generally by calculating the applicable Guidelines range, including the resolution of any relevant factual or legal disputes necessary to that calculation, before deciding whether to impose a non-guideline sentence.  <u>Ortiz-Feliciano v. United States</u>, 566 F. Supp. 2d 71, 74 n.2 (D.P.R. 2008) (internal citations and quotations omitted).

Again, petitioner's allegation is contrary to the record.  Here, the court, having already addressed the presentence investigation report in a past hearing, addressed all sentencing issues at length, including petitioner's age, nationality, education level, health condition, lack of prior criminal convictions, financial condition, family situation, and admission of prior successful drug smuggling, as well as the plea agreement and the seriousness of the offense.  The court addressed Montes's contention that petitioner might qualify for minimum custody and granted Montes's

requests that the court honor the terms of the plea agreement, recommend proper medical treatment, and recommend assignment to a facility close to petitioner's relatives in order to aid in his rehabilitation.  It took into consideration the factors in 18 U.S.C. § 3553(a) and all applicable downward departures under the Guidelines.  (Crim. No. 07-506, p. 8-15).

In light of the court's thorough statement of its reasons for imposing Mojica's sentence and the fact that it entertained and accepted Montes's requests, Mojica has not shown deficiency under Strickland in Montes's failure to argue that the sentence imposed was unreasonable.  Furthermore, since it is within the court's discretion to impose a sentence outside of the Guidelines range, petitioner has not met his burden of showing under the second prong of Strickland that a reasonable probability existed that he would have received less prison time had his counsel done even more than he already did.  Therefore, Mojica's contention that he received ineffective assistance of counsel for failing to argue reasonableness fails.

### 4.    Failure to Argue Deportable Alien Status

Last, Mojica argues that he received ineffective assistance of counsel because Montes failed to argue for a downward departure due to Mojica's status of deportable alien. As above, this argument is squarely foreclosed by the record.  Petitioner contends that since his deportable alien status precludes him from receiving certain benefits, such as serving his sentence in a minimum security prison, his sentence should be reduced.  However, the courts have found that deportable alien status and its collateral consequences do not merit a downward departure.  See, e.g., United States v. Reynoso, 336 F.3d 46, 50-51 (1st Cir. 2003) (no jurisdiction to review discretionary denial of downward departure to deportable alien defendant who claimed he was denied access to certain

programs available to non-alien prisoners); United States v. Lopez Salas, 266 F.3d 842, 848 (8th Cir. 2001) (categorical exclusion from early release due to alien status does not, by itself, justify downward departure); United States v. Restrepo, 999 F.2d 640, 644 (2d Cir. 1993) (collateral consequences of defendant's alienage not a valid basis for downward departure); Pineda v. United States, 2009 WL 86663, at *1 (D.R.I. Jan. 12, 2009) ("an inmate's ineligibility to participate in various prison programs due to his alien status, ordinarily, is not even a ground for a downward departure."); Leon-Donato v. United States, 2010 WL 728458, at *4-*5 (D.P.R. Feb. 26, 2010) (same).  Therefore, it was not deficient performance under Strickland's first prong for Montes to fail to make a legal argument directly contrary to the case law, under which there is no indication that the result of the proceedings would have been any different as required by the second prong.

Furthermore, with regard to Mojica's particular allegation that his deportable alien status precludes him from placement in a minimum security prison, Montes did argue at the sentencing hearing that petitioner qualified for minimum custody.  The sentencing court replied that Mojica's alien status would likely result in his placement in a private facility.  The court stated that Mojica would be "probably even better off" in a private facility because he "can be enrolled in certain programs and given more attention than the Bureau [of Prisons] can cope with with respect to the rest of the [prison] population."  (Crim. No. 07-506, Docket No. 62, p. 9).

In addition, the court notes again that had Montes requested the departure proposed by Mojica, the same would have constituted a breach of his plea agreement (which addressed Mojica's deportable alien status), so failing to make such a request cannot constitute ineffective assistance. Mojica's argument that he was deprived of effective assistance of counsel for failure to claim a downward departure due to deportable alien status must also fail.

**Henry Mojica-Caro v. United States of America**                                      Page 12
Civil No. 09-1575 (JAG/BJM)
**REPORT AND RECOMMENDATION**

### III.  CONCLUSION

For the reasons set forth above, I recommend that petitioner's motion for relief under 28

U.S.C. § 2255 be **DENIED**.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule

72(a) of the Local Rules of Court.  Any objections to the same must be specific and must be filed

with the Clerk of Court within fourteen (14) business days.  See Local Rule 72(d); 28 U.S.C. §

636(b)(1).  Failure to file same within the specified time waives the right to appeal this order.

Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792

F.2d 4, 6 (1st Cir. 1986).

**IT IS SO RECOMMENDED**.

In San Juan, Puerto Rico, this 31st day of March, 2010.


*S/Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge