```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiffs**<br><br>v.<br><br>HENRY MOJICA-CARO,<br><br>**Defendants.** | CIVIL NO. 09-1575 (JAG) |

**OPINION AND ORDER**

Garcia-Gregory, D.J.

On June 25, 2009, Henry Mojica-Caro ("Mojica" or "petitioner") filed a petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The matter was referred to a Magistrate Judge for a Report and Recommendation (the "Report"). For the reasons discussed below, the Court **ADOPTS** the Report, and accordingly **DENIES** Mojica's petition.

**FACTUAL AND PROCEDURAL BACKGROUND**[1]

Mojica is a Dominican national and a lawful permanent resident of the United States. (Crim. No. 07-506, Dockets No. 1-2, p. 2; 63, p. 20). On November 7, 2007, Mojica arrived by

---
[1] This section is taken verbatim from the Magistrate Judge's Report and Recommendation. (Docket No. 11).

ferry from the Dominican Republic at the Port of Mayagüez, Puerto Rico. He was arrested after a routine inspection of his vehicle by Customs and Border Protection ("CBP") agents uncovered approximately 1.8 kilograms of heroin (subsequently determined by laboratory testing to be 1.483 kilograms), which petitioner admitted was his. (Crim. No. 07-506, Dockets No. 1, 1-2, 2, 63). On November 18, 2007, Mojica was indicted on two counts. (Crim. No. 07-506, Docket No. 12). Count One charged Mojica with possession with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Count Two charged him with importation into the United States of one kilogram or more of heroin in violation of 21 U.S.C. §§ 952(a) and 960.

On November 14, 2007, attorney Miguel A. Montes-Diaz ("Montes") was appointed counsel for petitioner. (Crim. No. 07-506, Docket No. 11). On November 21, 2007, Mojica pled not guilty to Counts One and Two. (Crim. No. 07-506, Docket No. 14). At a hearing on May 22, 2008, Mojica changed his plea on Count One to guilty pursuant to a plea agreement entered into under Rules 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, which described the charges made in Count One and in which the government agreed to dismiss Count Two upon sentencing. (Crim. No. 07-506, Dockets No. 43, 44, 63). As part of the plea, the parties stipulated that Mojica was to be held

accountable for possession with intent to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin, and that the base offense level would be 32. The plea agreement also recommended a two-level decrease for the "safety valve," if applicable,[2] and a three-level decrease for acceptance of responsibility. With a total adjusted offense level of 27, and an assumed but not stipulated criminal history category of I, the parties agreed to a sentencing recommendation of 70 months, within the applicable United States Sentencing Guidelines range of 70 to 87 months. The parties agreed to seek no further adjustments or departures to Mojica's base offense level and that any such request would be deemed a material breach of the plea agreement. Mojica represented in the plea agreement that he was satisfied with Montes and that Montes had rendered effective legal assistance. (Crim. No. 07-506, Docket No. 43, p. 1-6).

During the Rule 11 hearing, Mojica stated that he received a copy of the indictment, discussed the charges with his attorney, and was satisfied with his legal counsel:

> THE COURT: Mr. Mojica, did you receive a copy of the indictment against you in this case? Those are the formal charges.

---

[2] The prosecuting attorney represented at the Rule 11 hearing and Montes confirmed at the sentencing hearing that Mojica met the requirements for the safety valve. (Crim. No. 07-506, Dockets No. 62, p. 4; 63, p. 13).

> THE WITNESS: Yes.
>
> THE COURT: Have you been able to discuss the contents of the indictment with your counsel?
>
> THE WITNESS: Yes.
>
> THE COURT: Are you fully satisfied with the legal advice and representation given to you in this case by Atty. Miguel Montes?
>
> THE WITNESS: Perfectly well.

(Crim. No. 07-506, Docket No. 63, p. 4). Mojica then stated that he had had enough time to discuss the hearing with Montes and had been able to discuss the plea agreement with Montes before signing it. (Id. at 5-6, 11). Montes stated that he had explained the document to Mojica in Spanish. (Id. at 6, 11). Mojica further stated that he had signed the plea agreement voluntarily and without coercion, there had been no threats or promises made to him in regards to his pleading, and he had not been forced to plead guilty. (Id. at 6, 12).

The court then thoroughly explained the maximum penalty under Count One and the stipulations contained in the plea agreement (id. at 14-19, 22-23), including the provision regarding Mojica's immigration status:

> THE COURT: As stated in Paragraph 10 of your plea agreement, you admit that you are a lawful permanent resident of the United States, and you understand a felony conviction may have an impact on your immigration status, including detention as subsequent

>processing for removal from this country? Do you understand that?
>
>THE WITNESS: Yes.

(Id. at 19). The prosecuting attorney informed the court that the parties had discussed an additional reduction to petitioner's offense level for role as a minor participant:

>MR. MILES: Yes, in addition, Your Honor, Counsel for the defendant has approached the government to determine whether or not his client may be awarded an additional reduction for role, and I've explained to him that, pursuant to the information we have, the United States is still considering any information in regard to the role of Mr. Mojica. And in the event that that is determined, the government will file an appropriate informative motion–
>
>THE COURT: Okay.
>
>MR. MILES: –notifying the Court that he is entitled to an additional reduction for that role adjustment.
>
>THE COURT: Very well. Do you understand that explanation, Mr. Mojica, as to your role within the offense?
>
>THE WITNESS: Yes.

(Id. at 14). In addition, the prosecuting attorney summarized the charges and factual basis by which the government would prove defendant's guilt beyond a reasonable doubt, and Mojica agreed with everything stated. (Id. at 19-21).

Mojica's sentencing hearing took place on August 25, 2008. (Crim. No. 07-506, Docket No. 62). At the hearing, Montes noted to the court that the defense was "hoping for a recommendation

for the minor participation, for example, and [Mojica] admits he made only two runs," and asked for a two-point deduction for minor participant. (Id. at 4). After the court asked whether the reduction was not contemplated in the plea agreement, Montes clarified that the reduction had been discussed at the Rule 11 hearing. The prosecuting attorney then stated to the court that the government did not agree to the reduction, "[s]o this issue has been apparently addressed and [Mojica] is not agreed to be as a minor [participant]." (Id. at 5-6). After a recess during which Montes discussed the reduction with Mojica and then with the prosecuting attorney, Montes withdrew the request for the reduction. (Id. at 6-7). Montes then reiterated a request from a past hearing that Mojica be given the minimum sentence of 70 months in accordance with the terms of the plea agreement. (Id. at 8).

Montes further requested recommendations that Mojica be given proper treatment for a medical condition and that he be incarcerated at an institution as close as possible to his relatives in Boston. (Id. at 8-9). The court agreed:

> THE COURT: … I will make the recommendation that he be housed in an institution that is as close as possible to Boston, Massachusetts, because he has relatives there and that is important for his rehabilitation, okay?
>
> MR. MONTES: In the alternative, your Honor, I think he qualifies for minimum custody.

> THE COURT: He could be, he could be. But as I understand from the counsel for the Bureau of Prisons, in the case of- well, actually, he is an alien- okay? And recently the Bureau of Prisons has been contracting out with private facilities with respect to aliens, okay? They are probably even better off in those private facilities because they can be given certain- they can be enrolled in certain programs and given more attention than the Bureau can cope with with respect to the rest of the population, okay? But we will see. I am just going to make the recommendation for him to be housed, and I am going to make the recommendation that he be given- you know, that he be given proper treatment for his medical condition.
>
> MR. MONTES: Thank you much, your Honor. We appreciate it.

(Id. at 9). In sentencing Mojica, the court thoroughly explained the base offense level, applicable adjustments, and the factors it considered, including Mojica's personal history and characteristics and the nature and circumstances of the offense. (Id. at 11-12). In accordance with the terms of the plea agreement, Mojica was sentenced to a term of imprisonment of 70 months plus five years' supervised release as to Count One; Count Two was dismissed by the government. (Id. at 12-13, 15, 17; Crim. No. 07-506, Docket No. 55, p. 1-3). The present petition was entered on June 25, 2009. (Docket No. 1).

**DISCUSSION**

In his petition, Mojica argues that his sentence should be vacated on the basis of ineffective assistance of counsel. Mojica insists that his attorney failed to argue 1) that petitioner had a mitigating role in the offense; 2) that a ten year mandatory minimum sentence for a violation of 21 U.S.C. section 841(b) violates the constitutional right of substantive due process as applied to peripheral offenders; 3) that defendant's sentence was unreasonable; and 4) for a downward departure on the basis of his status as a deportable alien. (See Docket No. 11, p. 7-11).

In his objection to the Report, petitioner restates the legal standards relating to section 2255 petitions in detail, but omits any meaningful discussion as to the findings made by the Magistrate Judge. Mojica simply repeats the argument that his counsel was ineffective in seeking a downward departure due to his status as an illegal alien. (See Docket No. 13, p.5).

In any case, the Magistrate Judge did not buy Mojica's argument. We agree that under the test espoused in Strickland v. Washington, it is clear that petitioner has not suffered from ineffective assistance of counsel. See Cofske v. United States, 290 F.3d 437, 441 (1st Cir. 2002) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)) (To establish a Sixth

Amendment violation, a petitioner must show "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for the error or errors, the outcome would likely have been different."). According to the Magistrate Judge, "it was not deficient performance under Strickland's first prong for [petitioner's counsel] to fail to make a legal argument directly contrary to the case law, under which there is no indication that the result of the proceedings would have been any different as required by the second prong." (See Docket No. 11, p.11). On the other hand, the Magistrate Judge noted that seeking a departure was, pursuant to the terms of the plea agreement, a material breach of the same. (Id.). Clearly, this option was not available to petitioner if he wished to maintain the benefits of his plea agreement. In sum, we conclude that petitioner's counsel was not ineffective under the facts in this case. We see no error in the Magistrate Judge's findings or reasoning. After a *de novo* review, the Court **ADOPTS** the Report in its entirety and **DENIES** petitioner's request.

   IT IS SO ORDERED.

   In San Juan, Puerto Rico, this 23rd day of January, 2012.

                              S/ Jay A. Garcia-Gregory
                                JAY A. GARCIA-GREGORY
                             United States District Judge